**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-138-RJC
(3:16-cr-222-RJC-DSC-1)**

| | |
|---|---|
| SULIMAN MALIK EL-AMIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I. BACKGROUND**

Petitioner was charged by Bill of Information[1] with: Count (1), possession with intent to distribute a mixture and substance containing a detectable amount of a Schedule II controlled substance, methamphetamine; Count (2), possession of a firearm by a felon; and Count (3), using or carrying a firearm in furtherance of a drug trafficking crime. (3:16-cr-222, Doc. No. 1).

Petitioner pled guilty to all three counts pursuant to a written plea agreement. (3:16-cr-222, Doc. No. 2). The agreement provides that Petitioner stipulates that there is a factual basis, that he read and understood the written factual basis filed with the plea agreement, and that it may be used by the Court and Probation Office without objection to determine the applicable advisory guideline range and appropriate sentence. (3:16-cr-222, Doc. No. 2 at 4). The parties agreed to jointly

---
[1] Petitioner waived indictment by a grand jury. See (3:16-cr-138, Doc. No. 5).

1

recommend several findings and conclusions as to the U.S. Sentencing Guidelines including that "[t]he amount of mixture and substance containing a detectable amount of methamphetamine that was known to or reasonably foreseeable by the defendant was approximately 45.5 grams." (3:16-cr-222, Doc. No. 2 at 2). Petitioner waived all appellate and post-conviction rights to contest the conviction except for claims of ineffective assistance of counsel or prosecutorial misconduct. (3:16-cr-222, Doc. No. 2 at 5).

The written Factual Basis provides, in part, that "[t]he total amount of mixture and substance containing a detectable amount of methamphetamine purchased or seized is approximately 45.5 grams." (3:16-cr-222, Doc. No. 3 at 2).

A Rule 11 plea hearing before Magistrate Judge Cayer. See (3:16-cr-222, Doc. No. 28). Petitioner acknowledged that he received a copy of the Bill of Information and went over it with counsel. (3:16-cr-222, Doc. No. 28 at 5). He fully understood the charges and potential penalties including how the sentencing guidelines may apply in his case. (3:16-cr-222, Doc. No. 28 at 5-7). He agreed that he is guilty of the three counts to which he was pleading guilty. (3:16-cr-222, Doc. No. 28 at 9). He agreed that the parties would jointly recommend that the amount of mixture and substance containing a detectable amount of methamphetamine that was known or reasonably foreseeable to Petitioner was approximately 45.5 grams. (3:16-cr-222, Doc. No. 28 at 10, 13). Petitioner confirmed that he read the factual basis, understood it, and agreed with it. (3:16-cr-222, Doc. No. 28 at 14). Nobody threatened, intimidated, or coerced him, or made any promises other than those contained in the plea agreement to induce him to plead guilty. (3:16-cr-222, Doc. No. 28 at 14). He was satisfied with counsel's services. (3:16-cr-222, Doc. No. 28 at 14). Magistrate Judge Cayer found that the plea was knowingly and voluntarily made, that a factual basis supports the plea, and accepted the guilty plea. (3:16-cr-222, Doc. No. 28 at 15).

The PSR calculated the base offense level as 22 based on the quantity of methamphetamine for which Petitioner was responsible, 45.5 grams. (3:16-cr-222, Doc. No. 16 at ¶ 25). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 19. (3:16-cr-222, Doc. No. 16 at ¶¶ 40-43). Petitioner had four criminal history points and a criminal history category of III. (3:16-cr-222, Doc. No. 16 at ¶¶ 62, 63). The resulting guideline range was 37 to 46 months plus a mandatory consecutive sentence for Count (3). (3:16-cr-222, Doc. No. 16 at ¶¶ 116, 117).

At the sentencing hearing, Petitioner agreed that he read the PSR, understood it, and had enough time to review it with counsel. (3:16-cr-222, Doc. No. 29 at 2-3). The parties agreed that the PSR correctly calculated the guideline range. (3:16-cr-222, Doc. No. 29 at 3). While arguing for a downward variance, counsel noted that "as to the overall drug amount, Mr. El-Amin is fully taking responsibility for what that was, 45.5 grams. I don't think there's any allegation that it was high purity or anything like that. And he certainly knows that, you know, even fake drugs – all of that can be very serious conduct and I think he takes responsibility for that." (3:16-cr-222, Doc. No. 29 at 16). The Government filed a departure motion that the Court granted. (3:16-cr-222, Doc. No. 29 at 17). The Court sentenced Petitioner to 24 months' imprisonment as to Counts (1) and (2), concurrent, and 60 months consecutive as to Count (3), for a total of 84 months, followed by three years of supervised release. (3:16-cr-222, Doc. No. 29 at 17); (3:16-cr-222, Doc. No. 20).

Counsel filed a memorandum brief on direct appeal but Petitioner filed a *pro se* brief arguing that the sentence is unreasonable and that he should be resentenced. The Fourth Circuit Court of Appeals affirmed, finding that the sentence is procedurally and substantively reasonable. It found that the Court properly calculated the applicable sentencing guideline range,

appropriately explained the below-guidelines sentence in light of the relevant § 3553(a) factors, and offered ample reasons for rejecting counsel's request for a downward variance. United States v. El-Amin, 699 Fed. Appx. 177 (4th Cir. 2017). The United States Supreme Court denied certiorari on January 16, 2018. El-Amin v. United States, 138 S.Ct. 750 (2018).

Petitioner filed the instant § 2255 Motion to Vacate on March 12, 2018. (Doc. No. 1). He argues that counsel was ineffective for failing to: (1) object to the 45.5 gram drug quantity because some of the drugs were fake; (2) object that the drug amount was not charged in the Bill of Information; and (3) argue that "the McCarthy Rule of 62 interrogation questions that were mandatory, stated by the Supreme Court." (Doc. No. 1 at 4). He requests an evidentiary hearing to determine the "actual/fake drug quantity," and a corrected sentence. (Doc. No. 1 at 12). He specifically states that he is not attempting to withdraw his guilty plea. (Doc. No. 1-1 at 7-8).

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

4

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**(1) Counterfeit Drugs**

Petitioner contends that trial counsel was ineffective for failing to object to the 45.5 gram drug amount because that amount included some fake drugs.

Petitioner pled guilty in Count (1) to possession with intent to distribute a mixture and substance containing a detectable amount of a Schedule II controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Counsel cannot be deemed ineffective for failing to object to the Court's finding that the amount of drugs attributable to him was 45.5 grams because that argument is factually and legally frivolous.

First, Petitioner's claim that he possessed less than 45.5 grams of methamphetamine is refuted by his own sworn statements to the contrary. Plaintiff admitted in the written plea agreement, written factual proffer, and in open court at the Rule 11 hearing, that he possessed 45.5 grams of methamphetamine. His present self-serving and unsupported statements to the contrary are rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the

5

record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary).

Second, Petitioner's argument that he was not responsible for 45.5 grams because some of the drugs were "fake," is legally incorrect. The Sentencing Guidelines provide that "[t]he statute and guideline also apply to *'counterfeit' substances*, which are defined in 21 U.S.C. § 802 to mean controlled substances that are falsely labeled so as to appear to have been legitimately manufactured or distributed." U.S.S.G. § 2D1.1, application note 4.

Counsel cannot be deemed ineffective for failing to raise legally and factually meritless objections to the 45.5 gram drug amount that would have contradicted Petitioner's sworn statements as well as the knowing and voluntary plea agreement. See generally Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.").

**(2) Bill of Information**

Petitioner contends that counsel should have objected to the sentence because the drug amount upon which the Court relied was not alleged in the Bill of Information in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).

In Apprendi, the United States Supreme Court held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Court went a step further in Alleyne v. United States, 570 U.S. 99, 103 (2013), and held that "[m]andatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."

6

The statutory maximum penalty that Petitioner faced for Count (1) was 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(C); see (3:16-cv-222, Doc. No. 28 at 2) (Petitioner acknowledging during the Rule11 hearing that he faced up to 20 years' imprisonment for Count (1)).

Petitioner's 24-month sentence for Count (1) is below the 20-year statutory maximum and, therefore, the drug amount was not an element that had to be alleged in the information or found beyond a reasonable doubt. See, e.g., United States v. Benn, 572 Fed. Appx. 167, 179-80 (4th Cir. 2014) ("Allenye has no application to [defendants'] sentences [where t]he district court's drug quantity determinations at sentencing did not increase [defendants'] statutory mandatory minimum sentences, but rather, were used to determine their advisory Guidelines ranges, from which, in any event, the district court varied downward.").

Counsel cannot be deemed ineffective for failing to raise a meritless Apprendi argument. See generally Knowles, 556 U.S. at 123.

**(3) McCarthy Rule 62**

Petitioner states *verbatim*, "Counsel failed to argue the McCarthy Rule 62 interrogation questions were mandatory, stated by the Supreme Court." (Doc. No. 1 at 4).

This claim is nonsensical, supported by no factual allegations, and warrants no serious discussion. See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court).

**IV. CONCLUSION**

For the foregoing reasons, the Court denies Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 16, 2018

Robert J. Conrad, Jr.
United States District Judge